**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MIRMOHAMMAD ZEHRI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15-cv-3210 |
| | ) |
| DISCOVER FINANCIAL SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, MIRMOHAMMAD ZEHRI (Plaintiff), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, DISCOVER FINANCIAL SERVICES, INC., (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

2. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are

1

costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

8. Plaintiff is, and at all times mentioned herein, was a citizen and resident of the State of Nevada.

9. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believed, and thereon alleged, that Defendant is, and at all times mentioned herein, was an association, located in Illinois.

11. Defendant is, and at all times mentioned herein, an association is a "person" as defined by 47 U.S.C. § 153 (39).

12. Plaintiff alleged that at all times relevant herein, Defendant conducted business in the State of Nevada and in the County of Clark, and within this judicial district.

**FACTUAL ALLEGATIONS**

13. In or around May, 2014, Defendant began communicating with Plaintiff regarding Plaintiff's daughter's account ("Account") ending in 5062.

14. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

15. Defendant calls Plaintiff from telephone number 623-643-2547.

16. The telephone number of 623-643-2547 is one of Defendant's telephone numbers.

17. In or around May 2014, Defendant began to utilize Plaintiff's cellular telephone number, 702-340-72XX, to place incessant calls to Plaintiff pertaining to the Account.

18. Within four (4) years of Plaintiff filing this Complaint, when Plaintiff has answered Defendant's calls, he is connected with a pre-recorded message.

19. Defendant calls Plaintiff using an automatic telephone dialing system.

20. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

21. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

22. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

24. In or around May 27, 2014, Plaintiff called Defendant and spoke with one of Defendant's collectors.

25. During the aforementioned conversation, Plaintiff requested his number be taken off the call list.

26. During the aforementioned conversation, Defendant's collector told Plaintiff she would take Plaintiff off of the call list, and put a note on his file not to call him.

27. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff's cellular telephone.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

28. Defendant's conduct violated the TCPA by:

<ol start="1">
<li>a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).</li>
</ol>

29. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, MIRMOHAMMAD ZEHRI, respectfully requests judgment be entered against Defendant, DISCOVER FINANCIAL SERVICES, INC., for the following:

32. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

33. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

34. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

35. Any other relief that this Honorable Court deems appropriate.

DATED:  April 10, 2015 RESPECTFULLY SUBMITTED,


By: /s/ Michael S. Agruss
    Michael S. Agruss
    IL State Bar #: 6281600
    Agruss Law Firm, LLC
    4619 N. Ravenswood Ave.
    Suite 303A
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff